STATE OF NEBRASKA, APPELLEE, v. FENLEY STOWELL, APPELLANT.

211 N. W. 2d 130

Filed October 12, 1973. No. 38921.

Russell S. Daub, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Fenley Stowell was convicted of the offense of receiving stolen property of the value of $100 or more. He appeals. His contentions are: (1) The court erred in overruling his motion to suppress evidence seized in an unreasonable search; and (2) the evidence was insufficient to support a finding of guilt, especially in respect to (a) the element of intent and (b) the value of the property in question.

A waiver of objections to evidence on the ground that it was seized in an unreasonable search occurs when no objection is made at least 10 days before trial and where the exceptions thereto have no application. See, § 29-822, R. R. S. 1943; State v. Smith, 184 Neb. 363, 167 N. W. 2d 568 (1969); cf. 3 Wright, Federal Practice and Procedure, § 673, pp. 111 to 115 (1969). Stowell pleaded not guilty on April 20, 1972. On October 25 the court set the case for trial November 6. The filing date of the motion to suppress was November 1. Stowell did not attempt to bring himself within any exceptions to delay in the filing of the motion. Under the statute Stowell waived his objections to the evidence, and denial of the motion was not erroneous.

A summary of the evidence relating to Stowell's contention respecting intent would serve no useful purpose. The testimony covered many acts and items of property, and it was highly conflicting. Apart from the last contention of Stowell, the evidence was sufficient to sustain a finding of guilt.

The last contention requires a summary of part of the evidence. The stolen property was a Sony color television set owned by Virgil Chandler. It was taken in a burglary of his home January 20, 1972. Police seized it at the home of Stowell on January 22, the date of the offense alleged in the information. The only evi-

dence of value of the Sony television set is in the record of the testimony of Chandler. There were some conflicts. A friend gave him the set approximately one year prior to the date of the burglary. On the latter date a small black tip of an antenna and a knob that controlled color contrast was missing, but the set functioned properly. Chandler was not acquainted with the value of television sets, and the only effort he made was an investigation of prices of new sets. He learned that the price of "this caliber of television" ranged between $375 and $400. A question about the fair market value of his set on January 20, 1972, was answered by him as follows: ". . . the only thing that I could say in that respect is that having been involved in the automobile market, I can only relate it to used merchandise, and with less than a year's age on the thing, I would presume that it was worth at least $250." He knew nothing of the secondhand market and he had received no offer to buy the set.

The value of goods which may be the subject of feloniously receiving stolen property must be $100 or more under section 28-508, R. R. S. 1943. Where the value of property is an element of the offense, the State must prove by competent evidence that the value of the property at the time and place of the alleged offense equalled or exceeded the requisite minimum value. State v. Hayes, 187 Neb. 325, 190 N. W. 2d 621 (1971); Spreitzer v. State, 155 Neb. 70, 50 N. W. 2d 516 (1951); Lambert v. State, 91 Neb. 520, 136 N. W. 720 (1912).

The evidence in this case was insufficient to sustain a jury finding that the Sony television set had a fair market value of $100 or more in January 1972. The judgment is therefore reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.