STATE OF NEBRASKA, APPELLEE, V. DAVID EDWARD WEIK, APPELLANT.

292 N. W. 2d 289

Filed May 6, 1980. No. 42851.

William B. Zastera, for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Defendant, David Edward Weik, was charged in an information with committing the offense of grand larceny. He was convicted of this offense after trial to a jury and was sentenced to imprisonment in the Nebraska Penal and Correctional Complex for a term of not less than 1 nor more than 3 years. He has appealed the conviction and sentence to this court. We affirm.

The material facts in this case are that during the late evening hours of November 17, 1978, some tools belonging to one Richard Aufenkamp were taken from the box of a pickup truck owned by him and parked on the street in front of his residence in Nebraska City. The tools in question were contained in two separate tool boxes. In the early part of December, the tools were located at a car dealership in

Tecumseh, Nebraska. It appears that one Rodney Huffmann had brought the tools to the automobile dealer as collateral for his indebtedness on an automobile he purchased.

Rodney Huffmann appeared as a witness for the State at the trial. He testified that on the evening of November 17, 1978, he and Weik were driving around the streets of Nebraska City, and that both he and Weik expressed a desire to gain possession of some tools. Huffmann testified that he and Weik removed two boxes of tools from the back of a parked pickup truck, and that he and Weik each took one of the boxes. The tools and the tool boxes were later identified as the ones taken from Aufenkamp's truck. Huffmann further testified that Weik subsequently gave his box of tools to Huffmann and permitted Huffmann to use them as collateral on the vehicle Huffmann purchased.

Weik disputed this testimony. He testified that he did not remove either tool box from the back of the pickup and that he never had possession of either tool box. He also contended he never had a discussion with Huffmann about using the tools as collateral for the purchase of a vehicle.

The principal issue in this appeal involves the sufficiency of the evidence as to the value of the tools taken. The owner of the tools, Aufenkamp, testified at the trial that their value was $500. One Cecil Neil, an expert witness, also testified as to the value of the tools. Mr. Neil was in the business of buying and selling tools, both new and used. He testified that the market value of the tools was $442.75. However, neither of these witnesses testified as to the value of the tools on the specific date of the theft; nor was there any testimony adduced by either party with reference to the variation, if any, in the market value of the tools between the date of the taking and the date of trial.

After hearing the evidence, the jury, which was

given the "aiding and abetting" instruction, returned a verdict of guilty and found the value of the stolen tools to be $301.

Weik was sentenced, as previously stated, and has appealed to this court. He assigns the following errors as justifying reversal: (1) That the trial court erred in allowing Aufenkamp and Neil to testify as to the value of the tools and in failing to grant Weik's motion to dismiss the case following the State's rest; (2) That the trial court erred in failing to give an instruction to the jury on the lesser-included offense of petit larceny; and (3) That the sentence imposed was excessive. We now examine these assignments of error.

Weik contends, first, that it was error to allow the testimony as to value by witnesses Aufenkamp and Neil. Specifically, Weik claims that the witnesses did not testify as to the value of the tools as of the date of the taking, the value being an essential element distinguishing grand larceny from petit larceny. Weik was charged with a violation of Neb. Rev. Stat. § 28-506 (Reissue 1975), which provides, in pertinent part:

Whoever steals any money or goods and chattels of any kind whatever, whether the same be wholly money, or wholly in other property, or partly in money and partly in other property, the property of another, of the value of *three hundred dollars or upwards*; or steals or maliciously destroys any money, promissory note, bill of exchange, order, draft, receipt, warrant, check, or bond, given for the payment of money, or receipt acknowledging the receipt of money, or other property, of the value of three hundred dollars or upwards shall, upon conviction thereof, be imprisoned in the Nebraska Penal and Correctional Complex not more

than seven years nor less than one year. (Emphasis supplied.)

In construing this section, this court has stated: "[W]here value of goods is an element of the crime charged and there is a market for the goods, the value to be proved is the market value at the time and place [of the taking]." *State v. Hayes*, 187 Neb. 325, 326, 190 N.W.2d 621, 622 (1971); *State v. Stowell*, 190 Neb. 615, 211 N.W.2d 130 (1973). See, also, *State v. Carroll*, 186 Neb. 148, 181 N.W.2d 436 (1970).

While it is true that, under the above statutory rule, it is necessary for the State to establish the market value of the stolen property as of the date of the commission of the offense, which in this case was the taking of the property on November 17, 1978, yet we do not interpret this rule in such a narrow fashion as to require testimony of a witness or witnesses *in haec verba* that, at the specific time of the taking of the stolen property, it had a market value of a specific amount. These facts may be established circumstantially, as well as by direct evidence, and the ultimate resolution of the value of the property at the time and place of the taking is clearly a fact question for the decision of the jury from the evidence adduced.

In the instant case, while it is true that neither the owner of the property, nor the expert witness, Mr. Neil, testified to the value of the tools as of the date of taking, November 17, 1978, yet the testimony of both witnesses was to the effect that the tools greatly exceeded the $300 specified in the applicable statute. Both witnesses testified at the trial that commenced on April 30, 1979. However, the record is clear that the witness Neil had seen the tools on several prior occasions, and had, in fact, inventoried and placed the valuation upon the tools on December 29, 1978, or approximately 6 weeks after their theft, and long before the trial itself. There is absolutely nothing in the record to indicate that the value of the

used tools had fluctuated or changed in any manner between the date of their taking on November 17, 1978, and the date of their valuation in December of 1978.

The court was faced with a similar situation in *Cummings v. State,* 106 S.W. 363 (Tex. Crim. 1907). In that case the court held that where, in a prosecution for theft, a witness swore that the value of the property alleged to have been stolen was $300 at the time of the trial, and there was no claim that the value of the property had undergone any change from the time of the theft up to such time, the value was sufficiently proven. The court stated:

> The verdict of the jury is supported by the evidence. The market value of the property was established by a jeweler, who was a witness in the case, who swore that the value of the property at the time of the trial was $300. There was no insistence pro or con that the value of the property had undergone any change from the time of the theft up to the time of the trial.
>
> The evidence amply supports the verdict, and the judgment is in all things affirmed.

See, also, *People v. Siderius,* 29 Cal. App. 2d 361, 84 P.2d 545 (1938); *Hoffman v. State,* 24 Okla. Crim. 236, 218 P. 176 (1923), as to value at the *place* of the taking.

In the instant case, there was evidence as to the value of the stolen tools much earlier than the date of the trial and there was no evidence that the value of the property had changed between the date of the taking and the date of the trial, a period of less than 6 months. The jury could have believed, and obviously did, from the evidence offered at the trial that the value of the items stolen was, at or near the date of the taking, in excess of $300. Weik's first assignment of error is without merit and the District Court acted correctly in denying Weik's motion to dismiss.

Weik next contends that it was error to fail to submit an instruction on the lesser-included offense of petit larceny to the jury. In *State v. Tamburano*, 201 Neb. 703, 271 N.W.2d 472 (1978), we said: "The test which must be applied in determining whether or not to submit a lesser-included offense is whether there is evidence which produced a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense." *Id.* at 707, 271 N.W.2d at 474.

Weik contends that there was evidence which would provide a rational basis for a finding that he did not commit grand larceny but did commit petit larceny. Specifically, he claims that the lesser-included offense should have been instructed on for two reasons: (1) The testimony with reference to the value of the tools was in dispute; and (2) A dispute existed as to whether the theft of the tools was one act or two acts.

As to his first claim, Weik contends that the value of the tools was not established as being in excess of $300. We disagree. "Rules for establishing value in civil cases are ordinarily applicable in distinguishing between grand and petit larceny." *State v. Carroll, supra* at 150, 181 N.W.2d at 437. A person shown to be familiar with property and its fair and reasonable market value is competent to testify as to such value; moreover, the qualifications of a witness to give testimony as to the value of property is subject to the discretion of the trial court and a ruling thereon will only be disturbed when clearly wrong. *Borden v. General Insurance Co.*, 157 Neb. 98, 59 N.W.2d 141 (1953). In this matter, both Aufenkamp and Neil were shown to be familiar with the property and its value. Likewise, they both placed the value in excess of $300. Weik directs our attention to the testimony of Neil on cross-examination wherein he admitted that his valuation of the tools could have varied by as much as 25 cents per

item. However, even taking that variation into consideration, there is no evidence in the record to indicate that the tools in question were worth less than $300. We point out that the question of the value of stolen property is a fact question for the determination of the jury on the basis of the evidence submitted on that issue. The jury found in its verdict that the value of the property taken was, in excess of $300 and the evidence in the record supports its finding.

Weik also claims that the lesser-included offense instruction should have been given as there was a dispute as to whether the tools were taken in one common act or two separate acts. We find no merit to this claim. Section 28-506 provides, in pertinent part: "The total value of money or property so stolen by a series of acts from the same owner shall be considered as stolen in one act . . . ." The record reveals that the tool boxes were taken from the same owner's truck during a time period of not over 5 minutes from each other. Huffmann testified that he and Weik drove around the block prior to taking the tool box. Although Huffmann testified that he and Weik had each taken one, Weik testified that both tool boxes were taken by Huffmann at the same time. We conclude that the two tool boxes were taken as part of one criminal act or transaction. The District Court was correct in refusing to instruct the jury on the lesser-included offense of petit larceny as there was no evidence which would "rationally" support an acquittal on the charge of grand larceny. *State v. Tamburano, supra.*

Finally, Weik claims that the sentence imposed by the trial court was excessive. Again, we find no merit to this claim. Weik was charged and sentenced under § 28-506, since the crime was committed prior to the effective date of our new criminal code. See *State v. Weinacht*, 203 Neb. 124, 277 N.W.2d 567 (1979). Under that section, the punish-

ment which may be imposed for conviction of the crime of grand larceny is imprisonment in the Nebraska Penal and Correctional Complex for a term of 1 to 7 years. Weik was sentenced to a term of 1 to 3 years by the District Court. The rule is well established that a sentence imposed which is within the statutory limits will not be disturbed by this court on appeal, absent an abuse of discretion by the trial court. *State v. Crouch,* 205 Neb. 781, 290 N.W.2d 207 (1980); *State v. Freeman,* 201 Neb. 382, 267 N.W.2d 544 (1978). A review of the record herein reveals a lengthy arrest record and a short employment record. Past probation appears not to have aided Weik. We therefore conclude that the trial court did not abuse its discretion in imposing on Weik the sentence it did, and we find no error in that sentence.

There being no other errors appearing of record by Weik, the judgment and sentence imposed herein by the District Court must be affirmed.

AFFIRMED.

CLINTON, J., not voting.