STATE OF NEBRASKA, APPELLEE, V. ERNEST E. HOLLAND, APPELLANT.

328 N.W.2d 205

Filed December 23, 1982. No. 82-035.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Defendant-appellant, Ernest E. Holland, was adjudged guilty, pursuant to a jury verdict, of theft of property valued at over $300 but less than $1,000. He was sentenced to a term of not less than 20 months nor more than 5 years in the Nebraska Penal Complex, and was granted credit for 100 days' prior incarceration time.

In this appeal defendant contends that the evidence was insufficient as a matter of law to sustain the conviction, in that proof of the value of the items taken was inadequate. We disagree; accordingly, the action of the trial court is affirmed.

The items taken were an amateur radio, a citizens band radio, and a Swiss army knife, which the owner acquired by gift in two instances and purchase in the remaining instance. The owner testified as to his opinion of the value of the items on the date of the theft. Defendant argues this evidence is insufficient as a matter of law to establish the element of value inasmuch as there was no testimony as to the purchase price of the items.

It has long been the rule in this jurisdiction that the owner of chattels may testify as to their value in a criminal case. In *State v. Weik*, 206 Neb. 217, 292

N.W.2d 289 (1980), it appears neither the owner nor the other valuation witness testified as to the purchase price of the stolen items, but the evidence was nonetheless found to be sufficient. It is true that in an earlier case, *State v. Rush*, 202 Neb. 425, 275 N.W.2d 834 (1979), evidence as to the purchase price was present. It is also true, as defendant points out, that in *State v. Stowell*, 190 Neb. 615, 211 N.W.2d 130 (1973), we found the evidence insufficient where the owner had acquired the stolen television set by gift and there was no evidence of the purchase price. However, in *Stowell* the owner demonstrated he had no real opinion as to its value at the time of the theft. Such was not the situation in the case at hand.

From these cases, without the citation of any other authority, defendant asks us to adopt a rule which would require evidence of the purchase price of a stolen item in every case of theft. This we refuse to do, as there may well be instances where such evidence is a necessary part of the foundation to be laid for an owner's opinion of value and other instances where it simply is not.

This analysis brings us to the second reason defendant's argument must fail. Even if foundation for the owner's opinion of value in this case were lacking, no objection to the receipt of that evidence was made. The defendant may not predicate error on the admission of evidence to which no objection was made when adduced. *State v. Gore*, 212 Neb. 287, 322 N.W.2d 438 (1982); *State v. Lingle*, 209 Neb. 492, 308 N.W.2d 531 (1981).

In view of the record before us and the verdict of the jury, it is obvious that the jury chose to believe the valuation evidence received. It is not our province to second-guess the jury. This court will not interfere with a jury verdict of guilty based upon evidence unless it is so lacking in probative force that the court can say as a matter of law that it is insufficient to support a verdict of guilty beyond a

reasonable doubt. *State v. Brown, ante* p. 68, 327 N.W.2d 107 (1982); *State v. True,* 210 Neb. 701, 316 N.W.2d 623 (1982). The evidence in the record before us is more than sufficient, when believed by the jury, to support the conviction herein.

AFFIRMED.