STATE OF NEBRASKA, APPELLEE, V. NEAL P. MADSEN, APPELLANT.

414 N.W.2d 280

Filed October 23, 1987.   No. 87-025.

John P. Heitz of Cronin, Symonds & Heitz, for appellant.

Robert M. Spire, Attorney General, and James H. Spears, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

Appellant, Neal P. Madsen, was found guilty by a jury in Holt County of the offense of assault in the second degree (Neb. Rev. Stat. § 28-309 (Reissue 1985)), i.e., intentionally or knowingly causing bodily injury to another with a dangerous instrument. Assault in the second degree is a Class IV felony. The penalty prescribed for a Class IV felony (Neb. Rev. Stat. § 28-105 (Reissue 1985)) is "[m]aximum-five years imprisonment, or ten thousand dollars fine, or both. Minimum-none." The court sentenced him to an indeterminate term of from 1½ to 5 years in the Nebraska penal complex. A motion for new trial was overruled, and this appeal followed.

Three errors are assigned: "1. That the District Court erred in admitting the knife into evidence as an exhibit. 2. That the verdict was not sustained by sufficient evidence. 3. That the sentence imposed by the District Court, although within the statutory limits, was an abuse of discretion." We affirm.

We begin by a brief recitation of the facts. Madsen and a friend drove to the farm of the victim, Lumir Ratkovec, at approximately 6 p.m. on March 30, 1986. Madsen, who had consumed 8 to 10 beers prior to the journey, intended to secure tools that he had left on the Ratkovec farm. A confrontation with Ratkovec occurred. Madsen struck Ratkovec in the left chest. Ratkovec apparently touched the area with his hand and observed that the hand was covered with blood. Madsen fled with his companion in the van owned by Madsen. Subsequently, the van was stopped at Atkinson, Nebraska, and Madsen was arrested.

The treating physician testified that Ratkovec was stabbed. A tool mark examiner testified that a cut on Ratkovec's shirt was caused by a sharp instrument, and a forensic serologist testified the blood on Ratkovec's shirt and undershirt matched Ratkovec's.

During the drive from Ratkovec's farm, Madsen stated to his companion, "I knifed the son-of-a-bitch, he was fucking with me." The companion also observed Madsen holding a knife, which Madsen placed in a tray between the front seats of the van.

After Madsen's arrest, the van was driven to the Holt County

sheriff's office. The van was later subjected to an "inventory search," and a small knife and several tools were seized.

We observe first that the defendant failed to move to suppress the knife prior to trial, pursuant to Neb. Rev. Stat. § 29-822 (Reissue 1985). We have previously held that objection to allegedly illegally seized evidence is waived where objection is not made at least 10 days prior to trial. *State v. Stowell*, 190 Neb. 615, 211 N.W.2d 130 (1973); § 29-822.

Objection was first made to the evidence at trial. Although an objection at trial is essential to our consideration of a claim that evidence was seized illegally, *State v. Pointer*, 224 Neb. 892, 402 N.W.2d 268 (1987), equally essential, at least in fourth amendment cases, is the pretrial motion to suppress, *State v. Stowell, supra*. The assigned error is without merit.

As to the second assignment of error, the evidence amply supports the conviction for second degree assault. Indeed, it is nearly conclusive. The assignment is without merit. See *State v. Joy*, 220 Neb. 535, 371 N.W.2d 113 (1985). We pass to the last assigned error.

We have examined the sentencing proceedings and find the sentence is within the limits of the statute. The crime was violent and life threatening. We find no abuse of discretion.

AFFIRMED.