STATE OF NEBRASKA, APPELLEE, V. WILLIAM F. VAUGHAN,
APPELLANT.
419 N.W.2d 876

Filed March 4, 1988.   No. 87-735.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The defendant has appealed the order of the district court which affirmed the judgment of the county court finding him guilty of operating a motor vehicle while intoxicated, second offense. Assigned as error is the ruling of the county court that defendant's motion to suppress be overruled. We affirm.

Defendant was arrested in Douglas County for driving while intoxicated on January 28, 1987. A complaint was filed in county court on February 2 and trial was set for April 28. On April 16 (12 days before the trial date), the defendant filed his motion to suppress, alleging that there was no probable cause for the initial stop of his vehicle.

The applicable state statute relating to filing of motions to suppress, Neb. Rev. Stat. § 29-822 (Reissue 1985), states that such a motion "must be filed at least ten days before trial,"

whereas the comment to rule 17 of the county court for Douglas County rules, which the court treated as a rule, provides "[p]reliminary motions in contested criminal/traffic cases shall be filed at least twenty (20) days prior to trial . . . ."

Upon a bench trial, the county court found that the motion was not timely filed and so denied the motion, but went on to find that "the officer did have probable cause to stop him [the defendant], and there was some weaving."

The testimony of the arresting officer related that the officer had observed the oncoming headlights of the defendant's automobile weaving from side to side. The officer made a U-turn and followed the defendant for a distance of four to five blocks. The defendant's vehicle continued in the same weaving manner and nearly struck the east curb of the street. Nothing in the nature of a physical obstruction or traffic was observed that would have required such maneuvers. The defendant's auto was stopped by the officer, who had had training in the apprehension of suspected drunk drivers and had arrested over 200 such drivers. This occurred at approximately 2:50 a.m., which, the officer testified, was the peak time for drunk drivers to be operating.

It is obvious that the local court rules with comments conflict with the provisions of the statute. "A court cannot make and enforce rules which are arbitrary, or unreasonable, or uncertain in their operation, which deprive a party of his legal rights, or which are *inconsistent* with, or *contravene* any constitutional or statutory provision or principles of general law." (Emphasis supplied.) 21 C.J.S. *Courts* § 170 at 262-63 (1940).

This court has continued to hold the statutory 10-day rule valid and operable. *State v. Madsen*, 226 Neb. 722, 414 N.W.2d 280 (1987). Thus, "[c]ourt rules are subservient to statutes, and in case of conflict the statute, if constitutional, prevails . . . ." 21 C.J.S. *supra* at 263.

The local rule, with comments, adopted by the county court is repugnant to law, because it imposes terms more onerous than those fixed by statute. *Korn v. Ray*, 434 S.W.2d 798 (Mo. App. 1968); *Newdigate v. Walker*, 384 S.W.2d 312 (Ky. 1964); *People ex rel. Carey v. Power*, 59 Ill. 2d 569, 322 N.E.2d 476 (1975).

However, because the error, if any, in overruling the motion was harmless beyond a reasonable doubt, it is unnecessary for this court to pass upon the validity of the rule in question. The trial court heard the evidence presented and determined that probable cause did exist. This conclusion was adequately supported by the record, as previously recited. A party cannot be heard to complain of error predicated upon a ruling unless a substantial right of the party has been affected, *State v. Threet*, 225 Neb. 682, 407 N.W.2d 766 (1987); and "error without prejudice does not provide a ground for the reversal of a criminal conviction," *State v. Tully*, 226 Neb. 651, 656, 413 N.W.2d 910, 914 (1987).

The judgment of the district court is affirmed.

AFFIRMED.