STATE OF NEBRASKA, APPELLANT, V. DAVID S. MATTHEWS,
APPELLEE.

465 N.W.2d 763

Filed February 22, 1991.   No. 90-176.

William P. MacKenzie, Deputy Sarpy County Attorney, for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Pursuant to the provisions of Neb. Rev. Stat. § 29-2315.01 (Reissue 1989), which, upon leave by this court, permits a prosecutor to take exception to a decision of the trial court in criminal proceedings, the plaintiff, State of Nebraska, filed this appeal, challenging the provision of the district court's probation order which permits defendant-appellee, David S. Matthews, to drive for limited purposes during the period in which his driving privileges otherwise stand suspended for violating Neb. Rev. Stat. § 39-669.07 (Reissue 1988) by driving while intoxicated, his first such offense. Although counsel was appointed pursuant to the provisions of Neb. Rev. Stat. § 29-2315.02 (Reissue 1989) "to argue the case against" the State, appointed counsel filed no brief and made no other appearance in this court. We sustain the exception.

Matthews pled guilty to the aforedescribed charge and to the

attempted possession of methamphetamine, a controlled substance, in violation of Neb. Rev. Stat. §§ 28-416(3) and 28-201 (Reissue 1989). The district court thereafter sentenced Matthews to a single 18-month period of probation. The probation order, which does not allocate its terms to either of the crimes, requires, among other things, that Matthews attend Alcoholics Anonymous or Narcotics Anonymous meetings twice per week as directed by the probation officer. The order also suspends Matthews' license to drive for 60 days from the date of the order but allows him to drive "to and from work, to and from [Alcoholics Anonymous] or [Narcotics Anonymous] meetings and to attend the Reniassance [sic] Program."

The State contends that the portion of the order which grants Matthews limited driving privileges violates § 39-669.07, which provides, in relevant part, that when one who has been convicted of first-offense driving while intoxicated is placed on probation, "the court shall, as one of the conditions of probation . . . order such person not to drive any motor vehicle for any purpose for a period of sixty days from the date of the order . . . ." No question being present as to the constitutionality of the foregoing statutory provision or as to the propriety of the unallocated order of probation, see *State v. Prahin*, 235 Neb. 409, 455 N.W.2d 554 (1990), the State's contention is resolved simply by reading the statute.

As we have recently reaffirmed, in the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *State v. Rios, ante* p. 232, 465 N.W.2d 611 (1991). The relevant portion of § 39-669.07 directs in clear, plain, simple, and unambiguous words that when one is placed on probation, he or she shall be ordered not to drive "for any purpose" during the statutorily designated period. The relevant statutory passage cannot be construed or interpreted to mean anything other than what it says, i.e., that one placed on probation for first-offense driving while intoxicated shall be ordered not to drive for any purpose during the designated 60-day period. There are other, albeit perhaps not as convenient, ways for

Matthews to travel to the court-ordered meetings and program besides driving himself.

Indeed, as the State points out, the foregoing result is compelled by *State v. Havorka*, 218 Neb. 367, 355 N.W.2d 343 (1984). The miscreant therein was convicted of second-offense driving while intoxicated and was placed on probation. The relevant portion of § 39-669.07 (Cum. Supp. 1982) then provided, as it does now, that when one convicted of second-offense driving while intoxicated is placed on probation, "the court shall, as one of the conditions of probation . . . order such person not to drive any motor vehicle . . . for any purpose for a period of six months from the date of the order . . . ." We ruled that the foregoing language, if constitutional, clearly prevented the court from permitting the miscreant to drive for work-related purposes during the 6-month period his driver's license stood otherwise suspended.

Accordingly, the State's exception must be, and hereby is, sustained.

EXCEPTION SUSTAINED.