STATE OF NEBRASKA, APPELLANT, V. ALVIN G. LONG, APPELLEE.

539 N.W.2d 443

Filed November 7, 1995. No. A–95–207.

Gary E. Lacey, Lancaster County Attorney, and Patrick F. Condon for appellant.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie for appellee.

HANNON, IRWIN, and MILLER–LERMAN, Judges.

HANNON, Judge.

The defendant, Alvin G. Long, pled guilty to one count of Class II misdemeanor theft under Neb. Rev. Stat. § 28–518(4) (Cum. Supp. 1994). The State unsuccessfully attempted to enhance this crime to a Class IV felony under § 28–518(6) by three prior theft convictions, one a Class IV felony and two Class I misdemeanors. The district court refused to enhance the crime, and the State appealed pursuant to Neb. Rev. Stat. § 29–2315.01 (Cum. Supp. 1994). We conclude that the statute should be applied as written, that a conviction under § 28–518(2) or (3) does not include a conviction of a lesser offense under subsection (4), and that therefore, the district court did not err, and the exception is overruled.

## FACTUAL BACKGROUND

The State filed an information charging Alvin G. Long with two counts of Class II misdemeanor theft under Neb. Rev. Stat. § 28–511 (Reissue 1989) and § 28–518(4). Long pled guilty to one of the underlying charges, and the other was dismissed. The court accepted Long's plea and found Long guilty. An enhancement hearing was then held. The State attempted to enhance the conviction to a Class IV felony pursuant to § 28–518(6) by offering three prior theft convictions. One prior conviction was a Class IV felony pursuant to § 28–518(2), and the other two convictions were Class I misdemeanors pursuant to § 28–518(3).

The trial court received the evidence of the previous convictions, but held that Long had not been previously convicted under § 28–518(4), and thus the prior convictions could not be used for enhancement purposes. Long was then

sentenced for the Class II misdemeanor. The State appealed pursuant to § 29–2315.01, and as a result, pursuant to Neb. Rev. Stat. § 29–2316 (Cum. Supp. 1994), this court's holding will not affect Long, as jeopardy has attached to him.

## ASSIGNMENTS OF ERROR

The State alleges that the trial court erred in ruling that § 28–518(6) does not permit three prior convictions pursuant to § 28–518(2) and (3) to be used for purposes of enhancement of a conviction pursuant to § 28–518(4).

## STANDARD OF REVIEW

Statutory interpretation is a matter of law. Thus, an appellate court has an obligation to ascertain the meaning of a statute independently and without regard for a lower court's decision. *In re Application of City of Grand Island*, 247 Neb. 446, 527 N.W.2d 864 (1995); *State v. Wragge*, 246 Neb. 864, 524 N.W.2d 54 (1994); *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994); *State v. Joseph*, 1 Neb. App. 525, 499 N.W.2d 858 (1993). When asked to interpret a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its, plain, ordinary, and popular sense. *In re Application of City of Grand Island, supra*; *State ex rel. Scherer v. Madison Cty. Comrs.*, 247 Neb. 384, 527 N.W.2d 615 (1995).

## LANGUAGE OF § 28–518(6)

The State argues that § 28–518(6) should be interpreted to effectuate the legislative intent for the enactment of the statute and that the statute is designed to deter individuals convicted under any subsection of § 28–518 by imposing upon them penalties greater than those for a Class II misdemeanor. Long argues that § 28–518(6) is plain and unambiguous and that the statute as written would deter individuals from repeating the same misdemeanor. Section 28–518 grades theft offenses and provides:

> (1) Theft constitutes a Class III felony when the value of the thing involved is over one thousand five hundred dollars.

(2) Theft constitutes a Class IV felony when the value of the thing involved is five hundred dollars or more, but not over one thousand five hundred dollars.

(3) Theft constitutes a Class I misdemeanor when the value of the thing involved is more than two hundred dollars, but less than five hundred dollars.

(4) Theft constitutes a Class II misdemeanor when the value of the thing involved is two hundred dollars or less.

(5) For any second or subsequent conviction under subsection (3) of this section, any person so offending shall be guilty of a Class IV felony.

(6) For any second conviction under subsection (4) of this section, any person so offending shall be guilty of a Class I misdemeanor, and for any third or subsequent conviction under subsection (4) of this section, the person so offending shall be guilty of a Class IV felony.

. (7) . . . .

(8) In any prosecution for theft under sections 28–509 to 28–518, value shall be an essential element of the offense that must be proved beyond a reasonable doubt.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Application of City of Grand Island, supra*; *State v. Wragge, supra*; *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994). A penal statute is given a strict construction which is sensible and prevents injustice or an absurd consequence. *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994); *State v. Jansen*, 241 Neb. 196, 486 N.W.2d 913 (1992); *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992).

The meaning of § 28–518(6) is plain and unambiguous. Subsection (6) specifically provides that if an individual has two or more prior Class II misdemeanor convictions under subsection (4), then a third or subsequent conviction pursuant to subsection (4) will be enhanced to a Class IV felony. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language; neither is it

within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985).

It is also important to note that the Legislature provided for the enhancement of theft convictions constituting Class I misdemeanors in one subsection of § 28–518 and for the enhancement of theft convictions constituting Class II misdemeanors in a different subsection. In summary, the statute enhances the second or subsequent conviction of a Class I misdemeanor to a Class IV felony, it enhances a second conviction of a Class II misdemeanor to a Class I misdemeanor, and it enhances a third or subsequent conviction of a Class II misdemeanor to a Class IV felony. The Legislature clearly elected to distinguish between enhancement of subsequent Class I misdemeanor theft convictions and of subsequent Class II misdemeanor theft convictions by enacting separate subsections, § 28–518(5) and (6). The statutory provisions which provide for enhancement of the penalty when specific criteria are met cannot be a basis for any presumption of a general legislative intent for enhancement when the specific provisions are not complied with.

## LESSER–INCLUDED OFFENSES

The State also contends that for purposes of enhancement under subsection (6) of § 28–518, even if the statute shall be read as we have concluded above, the State may use prior convictions pursuant to subsections (2) and (3) of § 28–518 because a Class II misdemeanor theft is a lesser–included charge of both a Class I misdemeanor and a Class IV felony, because it is impossible to commit the greater theft without committing the lesser theft. To be a lesser–included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993); *State v. Lovelace*, 212 Neb. 356, 322 N.W.2d 673 (1982). The State asserts that because each of Long's theft convictions was pursuant to § 28–511, they all have the same elements. The State argues that the only difference between Long's convictions is the value of the property stolen

and that § 28-518(8) affects only the grading of the offense and is not an essential element of the offense.

Long argues that § 28-518(8) makes value an essential element of the offense which must be proved beyond a reasonable doubt, and therefore it is possible to commit the greater offense without committing the lesser. He contends that because value is a separate element, once the value of an item is proved beyond a reasonable doubt, that value is dispositive of which subsection of § 28-518 applies, and that no other subsection can apply, and therefore, no subsection can be an included offense of another.

Under the current statutory scheme, value is an essential element of the crime of theft by unlawful taking. See *In re Interest of Shea B.*, 3 Neb. App. 750, 532 N.W.2d 52 (1995). Section 28-518(8) provides that "[i]n any prosecution for theft under sections 28-509 to 28-518, value shall be an essential element of the offense that must be proved beyond a reasonable doubt." Thus, once value is established by conviction, the type and class of the offense are determined under the plain language of § 28-518, and it is possible to commit the greater offense without committing the lesser offense. The State is equating a lesser-included offense to a lesser-included conviction.

■ Additionally, even if under our statutory scheme value were not considered an essential element, and therefore, a conviction of either Class I misdemeanor or Class IV felony theft could include the lesser Class II misdemeanor, the unambiguous statutory language of subsection (6) of § 28-518 still would not permit enhancement of a Class II misdemeanor conviction pursuant to subsection (4) based upon prior greater convictions pursuant to subsection (2) or (3). In *State v. Sardeson*, 231 Neb. 586, 594, 437 N.W.2d 473, 480 (1989), the Supreme Court reaffirmed the rule that

> [w]hen a defendant is convicted of both a greater and lesser-included offense, the conviction and sentence on the lesser charge must be vacated [citation omitted], for the constitutional prohibition against double jeopardy protects not only against a second prosecution for the same offense after acquittal or conviction, but also against multiple punishments for the same offense.

(Citing *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989).) Clearly, the language of the statute as written and the above-cited rule lead to the conclusion that prior ˙greater theft convictions cannot be used to enhance the lesser subsequent conviction.

## CONCLUSION

Having found that § 28-518(6) plainly permits enhancement of a Class II misdemeanor conviction pursuant to § 28-518(4) to a Class IV felony conviction only when an individual has been convicted of two prior Class II misdemeanors pursuant § 28-518(4), and having found that a Class II misdemeanor pursuant to § 28-518(4) is not a lesser-included offense of either a Class IV felony conviction pursuant to § 28-518(2) or a Class I misdemeanor conviction pursuant to § 28-518(3), we conclude that the trial court did not err in not enhancing Long's conviction.

EXCEPTION OVERRULED.