STATE OF NEBRASKA, APPELLEE, V.
BRANDY L. WERNER, APPELLANT.
600 N.W. 2d 500

Filed September 21, 1999.    No. A-99-036.

Dennis R. Keefe, Lancaster County Public Defender, and Shawn Elliott for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

MUES and CARLSON, Judges, and BLUE, District Judge, Retired.

MUES, Judge.

## INTRODUCTION

Brandy L. Werner was convicted of driving under the influence of alcoholic liquor (DUI). At an enhancement hearing, held several months later, the State offered evidence of two prior DUI convictions. Both convictions resulted from guilty pleas. The county court expressed doubts as to whether one of the guilty pleas had been given knowingly, understandingly, intelligently, and voluntarily and refused to consider it for purposes of enhancing Werner's sentence. The State appealed to the district court, which reversed the judgment of the county court. Werner now appeals the order of the district court. For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

On January 9, 1998, Werner was charged with DUI, third offense, a Class W misdemeanor, and driving during suspension,

second offense, a Class III misdemeanor. Werner pled guilty to the DUI charge on March 31, and the driving during suspension charge was dismissed.

At an enhancement hearing held May 15, 1998, the State offered into evidence two prior convictions for DUI. The transcript of each of the two prior convictions contained a standardized waiver of rights form signed by Werner. Counsel for Werner did not object to either of the exhibits. Upon receiving the exhibits into evidence, the following colloquy took place:

THE COURT: . . . Boy, I wish there was something else I could do about this.

. . . .

THE COURT: I mean, I don't think it's — I — I don't think it's very . . . .

[Defense counsel]: I agree. I think that the problem is that I think the waiver forms are in there but she didn't have a lawyer in either of the cases and I think she was in custody at the time that she pled to both of those and they had her sign the forms. I'm not completely sure she understood the effects of the DWI pleas, but I think that there is at least a waiver form and I'd ask the Court to consider not enhancing them, but — beyond that I don't — I'm not sure what the records would show beyond that.

THE COURT: You know, for somebody that can get in as much trouble as you can, has — at the young age that you are, I don't know why I'm going to — I think I'm going to lose sleep over this tonight. So why am I trying to figure out a way to get — to help you?

[Counsel for State]: Both Exhibits 1 and 2 do show that she was advised of the right to counsel . . . .

[The court]: Oh, yeah, I mean that — we don't need to get into — we — we're just dealing with . . . .

[Counsel for State]: . . .want to be heard . . . .

[The court]: We're not dealing with legalities of the situation, we're dealing [with the] fairness in life to a 24 year old woman who's going to go to prison for four years, and that's what we're trying to deal with. We're not . . . .

[Counsel for State]: Okay.

. . . .

[The court]: We're not dealing with what's — what we're dealing with, see, is we're trying — we're dealing with — trying to look at one of these stupid priors and trying to figure out a reason not to find her guilty of a third offense. It would stand with muster on an appeal — but that's what we're dealing with.

The transcripts from the prior DUI convictions reflect that Werner was first arrested for DUI on March 22, 1997. Werner was scheduled to appear before the court on April 8. Werner failed to appear for this court date. At Werner's request, the matter was rescheduled for April 9. Werner appeared at the April 9 hearing and pled guilty to the DUI charge. Sentencing was scheduled for May 16. Werner failed to appear for sentencing on May 16.

On April 16, 1997, Werner was again arrested for DUI. Werner was scheduled to appear for arraignment on this charge on May 6. Werner failed to appear. On July 10, Werner was sentenced on the first DUI charge, pled guilty to the second charge, and was also sentenced on that charge.

After further reviewing the records from the two prior offenses, the county court expressed concern that on the same date that Werner was sentenced on the first DUI charge Werner

executed a waiver of rights DWI pro se form [on the second charge] which was filed the same date, wherein the Judge allowed Ms. Werner to plead guilty to all counts, including a no operator's license on person. And a — some other equally heinous offense — I can't find it — failing to appear. And — that in [sic] enough — that brings some question to my mind as to whether or not the waiver of the rights — especially the right to an attorney, even though she indicates in this print — printed form that she understands that — the foregoing rights and is giving them up freely, voluntarily, knowingly and intelligently, the Court doesn't make that finding. They off — the Court does not make a finding of any factual basis on July 10th, 1997, it just indicates, "Defendant pleads guilty to all counts.["] . . . I question whether or not that plea was taken and that she waived her rights freely, voluntarily, know-

ingly and intelligently. . . . I'm finding for purposes of the record the offense complained of is a Second Offense.

The county court sentenced Werner to 90 days in jail and fined her $500. The county court also ordered Werner not to drive for a period of 1 year. Pursuant to Neb. Rev. Stat. § 29-2317 (Reissue 1995), the State timely appealed to the district court. The district court found that the county court's failure to consider the second DUI was clearly erroneous. Accordingly, the district court reversed the judgment of the county court and remanded the matter back to the county court with directions "to enter a judgement finding [Werner] guilty of a third offense DWI" and to resentence her accordingly. Werner timely appeals the district court's order.

## ASSIGNMENT OF ERROR

Werner alleges the district court erred in reversing the county court's decision that Werner was guilty of second-offense DUI and, in any event, the district court's remand to county court with directions to find Werner guilty of third-offense DUI violated her right to be free of double jeopardy.

## STANDARD OF REVIEW

Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the lower court in a judgment under review. *State v. Trevino*, 251 Neb. 344, 556 N.W.2d 638 (1996); *State v. Lujano*, 251 Neb. 256, 557 N.W.2d 217 (1996).

A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996).

When interpreting a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, as it is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *State ex rel. Wood v. Fisher Foods*, 254 Neb. 982,

581 N.W.2d 409 (1998).

## DISCUSSION

*Double Jeopardy.*

Section 29-2317 provides, inter alia, that a prosecuting attorney may appeal any ruling or decision of the county court made during the prosecution of a cause by presenting to the court a notice of intent to take an appeal to the district court with reference to the rulings or decisions of which the complaint is made. However,

> [t]he judgment of the court in any action taken under the provisions of [§] 29-2317 . . . *shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy*, but in such cases the decision of the district court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may thereafter arise in the district.

(Emphasis supplied.) Neb. Rev. Stat. § 29-2319 (Reissue 1995).

■ The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999); *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998); *State v. Wolf*, 250 Neb. 352, 549 N.W.2d 183 (1996); *State v. Detweiler*, 249 Neb. 485, 544 N.W.2d 83 (1996).

> "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*State v. Rust*, 247 Neb. 503, 508-09, 528 N.W.2d 320, 325 (1995) (quoting *Green v. United States*, 355 U.S. 184, 78 S. Ct. 221, L. Ed. 2d 199 (1957)).

■ On the other hand, "[s]entencing decisions favorable to the defendant . . . cannot generally be analogized to an acquittal." *Monge v. California*, 524 U.S. 721, 118 S. Ct. 2246, 2251, 141 L. Ed. 2d 615 (1998). " 'The imposition of a particular sentence usually is not regarded as an 'acquittal' of any more severe sentence that could have been imposed.' " *Id.* (quoting *Bullington v. Missouri*, 451 U.S. 430, 101 S. Ct. 1852, 68 L. Ed. 2d 270 (1981)). See, also, *United States v. DiFrancesco*, 449 U.S. 117, 134, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980) (observing that "a sentence does not have the qualities of constitutional finality that attend an acquittal"). Thus, the double jeopardy prohibition does not apply to noncapital sentencing determinations, even if the sentencing proceeding had the " 'hallmarks of [a] trial on guilt or innocence.' " *Monge v. California*, 118 S. Ct. at 2251.

Werner contends that when the county court found her guilty of second-offense DUI, it *acquitted* her of third-offense DUI. Thus, Werner argues, the district court's judgment ordering the county court to find her guilty of third-offense DUI was unconstitutional because it placed her in jeopardy twice for the same crime. The State argues that the offense was DUI, not third-offense DUI, and a finding that it is a second or third offense is only relevant to the sentence or punishment that is imposed.

We believe the pivotal issue is whether, pursuant to Neb. Rev. Stat. § 60-6,196 (Reissue 1993), the proscribed offense is "third-offense DUI," making the prior convictions necessary elements of the offense, or whether the offense is simply "DUI," with the prior DUI convictions only enhancing the sentence. If the prior convictions are essential elements of the crime, it seems to us that Werner's argument on appeal gains substantial momentum. That is to say, if each of the prior DUI convictions were viewed as elements of a separate crime of third-offense DUI, Werner arguably escaped conviction for that crime after the trial court determined that one of the elements—a prior conviction—had not been established. Few would seriously contend that a defendant could be convicted of a greater offense after being found guilty of a lesser offense at trial.

Section 60-6,196(2) provides, inter alia, "Any person who operates or is in the actual physical control of any motor vehicle while [under the influence of alcohol or drugs] shall be

guilty of a crime and upon conviction *punished* as follows . . . ." (Emphasis supplied.) The section addressing the possible penalties provides that if a person has had two or more DUI convictions, the person is guilty of a Class W misdemeanor. The punishment is dependent upon the number of prior convictions and whether or not the person is placed on probation.

The plain language of the statute criminalizes the act of DUI. The fact that the defendant has previously been convicted of DUI is irrelevant to guilt or innocence and is relevant only to the sentence to be meted out. Indeed, the sole difference between a first, second, or third conviction for DUI is the penalty authorized. Whether it is a first, second, or third DUI conviction, it is still a Class W misdemeanor. See Neb. Rev. Stat. § 28-106 (Reissue 1995). An increased penalty for repetition of the same crime is as typical a sentencing factor as one might imagine. See, e.g., *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998).

For the foregoing reasons, we conclude that the offense the Legislature intended to proscribe is DUI. That the defendant has prior DUI convictions merely enhances the sentence. The effect of the district court's order on appeal was not to convict Werner of a crime for which she had been found not guilty by the county court, but, rather, was to determine that the county court's failure to enhance was erroneous, thus subjecting Werner to an enhanced penalty for a third conviction for DUI. Remanding the case to county court with directions to sentence Werner according to law does not violate double jeopardy principles. See *United States v. DiFrancesco*, 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980) (holding that review of defendant's sentence does not in itself offend double jeopardy principles merely because its success might deprive defendant of benefit of more lenient sentence).

Werner argues that this court's prior decision in *State v. Long*, 4 Neb. App. 126, 539 N.W.2d 443 (1995), compels a contrary result. We disagree. In *Long,* the State, pursuant to Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 1994), had appealed a trial court's failure to increase a misdemeanor theft conviction to a felony under Neb. Rev. Stat. § 28-518(6) (Cum. Supp. 1994). We prefaced our decision with the phrase that our "holding will

not affect Long, as jeopardy has attached to him." *Id*. at 128, 539 N.W.2d at 445. Section 28-518 grades theft crimes according to the value of the thing involved and expressly states that value is an essential element of the theft offense addressed. In *Long*, we affirmed the trial court's refusal to increase the grade of the current conviction. Hence, the double jeopardy comment quoted above was likely dicta. But, in any event, *Long* does not stand for the proposition that the State's success on an appeal under § 29-2315.01 is *always barred* by double jeopardy principles. Rather, as stated earlier, § 29-2317 precludes reversal only when the defendant has been placed legally in jeopardy. As already discussed, the reversal and remand by the district court in this case was only for purposes of correctly sentencing Werner for her third DUI. Such action does not offend double jeopardy principles, even though it might deprive Werner of the benefit of a more lenient sentence. See *United States v. DiFrancesco, supra*. This assignment of error is without merit.

### Was County Court Wrong?

Werner next argues that even if the district court's order does not violate double jeopardy principles, the order was nevertheless erroneous in that the county court had correctly found that the State had failed to meet its burden to prove that Werner had two prior DUI convictions.

Challenges to prior plea-based convictions for enhancement proceedings may be made *only* for the failure of the face of the transcript to disclose whether the defendant had counsel or knowingly, understandingly, intelligently, and voluntarily waived counsel at the time the pleas were entered. *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996). In a proceeding for an enhanced penalty, the State has the burden to show that the record of a defendant's prior conviction, based on a plea of guilty, affirmatively demonstrates that the defendant was represented by counsel, or that the defendant, having been informed of the right to counsel, voluntarily, intelligently, and knowingly waived that right. *Id*.

In both of Werner's prior plea-based convictions, she signed a standardized waiver form which provided, inter alia:

I, the undersigned, hereby come before this Court for the purpose of entering a plea of GUILTY or NO CONTEST to one or more of the following offenses:

OPERATING a motor vehicle while under the influence of alcoholic liquor or drugs or with .10% or more by weight of alcohol in my body fluids.

. . . .

I understand that I have the right to be represented by an attorney, and that if I am indigent, the Court will appoint an attorney for me at the State's expense. I, the undersigned defendant, do hereby waive my right to be represented by an attorney in this case.

. . . .

I, the defendant, understand that upon my plea of guilty or no contest, I waive and give up all of the above rights. . . . I HAVE READ THE FOREGOING, UNDERSTAND THE RIGHTS THAT I AM GIVING UP, AND WAIVE THOSE RIGHTS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

(Emphasis in original.)

The two forms also provide:

1. The above rights (were) (were not) reviewed orally by the court with the defendant on the date shown.

2. The defendant (did)(did not) state to the court that he/she has read and does understand these rights.

Each form was signed by Werner and was "Accepted and Approved" by the court. Under the rationale of *Orduna*, these two waiver forms are sufficient to meet the State's burden of proof that Werner knowingly, intelligently, and voluntarily waived her rights to counsel. The State met its burden on this issue, and the county court's determination that the second plea-based conviction was invalid for enhancement purposes was clearly erroneous. See *State v. Orduna, supra*. The district court did not err in so concluding.

The county court, in rejecting this conviction, alluded to the absence of a factual basis for the second conviction. Even if correct, a matter we do not decide, this challenge was clearly not available to Werner at the enhancement hearing. See *State v. Orduna, supra*.

available to Werner at the enhancement hearing. See *State v. Orduna, supra.*

## CONCLUSION

The county court's determination that Werner's second plea-based conviction was invalid for sentencing purposes was clearly erroneous. The district court's order remanding the case with directions to find that this was Werner's third DUI conviction and to resentence Werner accordingly did not offend principles of double jeopardy. Accordingly, the district court's order is affirmed in all respects.

AFFIRMED.